IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA SUE HERN   PLAINTIFF

v.   CASE NO.   12-2297

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration   DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed an applications for SSI on July 17, 2008 , alleging an onset date of July 1, 2008, due to plaintiff's  COPD, arthritis in back, severe depression (T. 210).   Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on June 21, 2011.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 49 years of age and possessed a 8th grade education. The Plaintiff had past work experience as a housekeeper, line worker, and prep cook (T. 211 ) but it does not appear that any of that work amounted to Substantial Gainful Activity. (T. 167-168).

On July 27, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's early vascular disease in her feet and mild chronic obstructive pulmonary disease (COPD) did not meet or equal any Appendix 1 listing. T. 16. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional restrictions. T. 17. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as Patcher–electronics assembly, Credit Authorizer–clerical callout operator, and Charge Account Clerk--interviewer. T. 21.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial

evidence.

**A. Severe Impairments:**

The Plaintiff contends the ALJ erred in not considering her complaints of fatigue and depression as severe impairments. (ECF No. 9, p. 11).

At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985).  If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c).

Plaintiff represented that her "doctor told me to only work 5 hours a day". (T. 210).  This does not appear to be documented in the medical records but it is certainly an indication that the Plaintiff's fatigue is minimal.  Plaintiff claims that she became disabled on July 1, 2008 (T. 158) but there is no horizon event that points to her alleged disability, and in 2008 the Plaintiff had her highest earning in 26 years.  It is also relevant that the Plaintiff never sought treatment for these conditions. It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). *Id*.; *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment). Plaintiff's

attempts to excuse her failure to pursue more aggressive treatment cannot be wholly excused due to his claims of financial hardship. *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir.1992) (rejecting claim of financial hardship where there was no evidence that claimant attempted to obtain low cost medical treatment or that claimant had been denied care because of her poverty)

Regardless, the burden is on the Plaintiff and there is nothing in the record to establish that her fatigue or depression were a severe impairment.

**B. Residual Functional Capacity:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245

F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

### 1. Development of the Record

The Plaintiff contends the ALJ did not properly develop the record. (ECF No. 9, p. 9). The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v.Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The Plaintiff's medical records are few and show minimal physical limitations nor are there any subjective test that validate the Plaintiff's alleged severe limitations. The Commissioner initially obtained a Physical RFC assessment by Dr. Jerry Mann in October 2008. (T. 261). In March 2011 a Consultive Examination was performed by Dr. Nunn (T. 274) who provided a Medical Source Statement regarding the Plaintiff's ability to function. (T. 276-281). The Plaintiff's Abdominal Series, in September 2010, was normal; her CT Brain scan, in

November 2010, was normal (T. 294,341); and her Venous Doppler exam, performed in December 2010, was normal. (T. 295). The ALJ also had a CT scan from July 2008 which was normal. (T. 245,251).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. (See *Battles v. Shalala,* 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994)) The court believes the record was properly developed in this case.

### 2. Credibility

The Plaintiff contends the ALJ committed error in his evaluation of the credibility of the Plaintiff. (ECF No. 9, p. 12). In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

### 2. Treating Physician Opinion

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

Dr. Graves' claim that Plaintiff is permanently disabled, and the specific limitation she lists, is contradicted by the direct and detailed findings of Dr. Nunn's examination. Dr. Graves did not provide any evidence or written support for her claims of restriction and impairment, and the claims are inconsistent with other substantial evidence contained in the record. A treating doctors opinion is not entitled to controlling weight when it is inconsistent with other substantial evidence in the case record. *Johnson v. Astrue*, 628 F.3d 991, 994 (8th Cir. 2011). Indeed, Dr. Graves' conclusions and claims are not supported by medically acceptable clinical or laboratory diagnostic techniques either. Id. Conclusory statements consisting of checklist forms that provide little or no elaboration are not persuasive. *Wildman*, 596 F.3d at 964. It is inherent in the role of the ALJ to exercise discretion to weigh the opinions of treating and examining physicians and to resolve conflicts in the record. *Finch v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

In this case the record supports the ALJ's decision to give weight to the opinions of the

non-treating consultive examining sources.

### 3. RFC Assessment

The ALJ determined the Plaintiff had the RFC to "perform sedentary work[2] as defined in 20 CFR 416.967(a) except the claimant must avoid environments with high levels of pulmonary irritants." (T. 17).

The Eighth Circuit has stated that a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The record should "include some medical evidence that supports the ALJ's residual functional capacity finding." Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). See Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir.2005) (although medical source opinions are considered in assessing RFC, final RFC determination is for Commissioner).

The court finds that the ALJ properly determined the Plaintiff's RFC by relying on the record, the Physical RFC Assessment, and the MSS of Dr. Dunn.

## C. Vocational Expert:

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence.  See *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those

---

[2]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary when carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a).

impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994).  A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The court finds that the ALJ's  hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this October 22, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE